IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD D. MYERS, Chapter 7 Trustee of the Daniel M. Malone bankruptcy estate,<br><br>                    Plaintiff,<br><br>vs.<br><br>JEANNE MALONE,<br><br>                    Defendant. | 8:13-CV-353<br><br>ORDER |

      This matter is before the Court on the Findings and Recommendations (filing 1) of the United States Bankruptcy Judge, recommending that the Court enter final judgment in favor of the plaintiff. The issue before the Court, however, is jurisdictional.

      Bankruptcy judges are *statutorily* authorized to "hear and determine all cases under title 11 [of the United States Code] and all core proceedings arising under title 11, or arising in a case under title 11," and may enter final orders and judgments, subject to appellate review. 28 U.S.C. § 157(b)(1). Statutorily, core proceedings include proceedings to determine, avoid, or recover fraudulent conveyances. 28 U.S.C. § 157(b)(2)(H). In a proceeding that is not a core proceeding but that is otherwise related to a case under title 11, on the other hand, the bankruptcy court may only issue proposed findings of fact and conclusions of law to the district court, and a final order or judgment is entered by the district court after a de novo review of any matters to which a party has properly objected. 28 U.S.C. § 157(c)(1).

      This adversary proceeding is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(H); *see also,* filing 1-1 at 1; filing 1-2 at 1. Nonetheless, the Bankruptcy Judge has issued findings and recommendations, rather than a final judgment. According to the Bankruptcy Judge's order, this was done at the request of the parties; they are apparently concerned about the Bankruptcy Court's authority to enter final judgment, given the Ninth Circuit's decision and Supreme Court's grant of certiorari in *In re Bellingham Ins. Agency, Inc.,* 702 F.3d 553 (9th Cir. 2012); *cert. granted sub nom., Exec. Benefits Ins. Agency v. Arkison,* 133 S. Ct. 2880 (2013). One of the questions presented to the Supreme Court in that case is whether a party may consent, or waive an objection, to final disposition of an Article III proceeding by a

bankruptcy court. Petition for Writ of Certiorari at I, *Arkison,* 133 S. Ct. 2880 (No. 12-1200). But the *other* question presented is "[w]hether a bankruptcy judge may submit proposed findings of fact and conclusions of law for de novo review by a district court in a 'core' proceeding under 28 U.S.C. [§] 157(b)." Petition for Writ of Certiorari at I, *Arkison,* 133 S. Ct. 2880 (No. 12-1200).

In other words, one of the questions that the Supreme Court has agreed to decide is whether the bankruptcy court, in this case, would have had the authority to enter a final judgment with the consent of the parties. But the *other* question is whether the bankruptcy court had the authority to issue the findings and recommendations that are presently before the Court. Given that, the prudent course of action would be to wait for the Supreme Court to resolve some of these jurisdictional questions before proceeding.[1] But the Court will afford the parties a chance to weigh in, by showing cause (if any) why the Court should not wait for the Supreme Court's decision.

IT IS ORDERED:

1. The parties shall show cause, on or before December 16, 2013, why the Court should not hold this matter in abeyance pending the Supreme Court's decision in *Arkison,* 133 S. Ct. 2880.

2. Absent a showing of cause, the Court will hold this matter in abeyance and set deadlines for objections and briefing after the Supreme Court's decision is filed.

3. The deadline for objecting to the Bankruptcy Judge's findings and recommendations is suspended until further order of the Court.

Dated this 6th day of December, 2013.

BY THE COURT:

*[signature: John M. Gerrard]*
John M. Gerrard
United States District Judge

---

[1] The *Arkison* argument is set for January 14, 2014, suggesting (if past practice is any indication) that a decision by March or early April is not out of the question.